UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GAIL M. WOJCIK,

                    Plaintiff,

        -vs-                              **No. 1:15-CV-00641 (MAT)**
                                         **DECISION AND ORDER**
CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY,
                    Defendant.

---

## I.   Introduction

        Represented by counsel, Gail M. Wojcik ("plaintiff") brings this action pursuant to Title II of the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter was initially before the Court on the parties' cross motions for judgment on the pleadings.[1] The parties' motions were referred to Magistrate Judge Hugh B. Scott for consideration of the factual and legal issues presented, and to prepare and file a Report and Recommendation ("R&R") containing a recommended disposition of the issues raised.

        By R&R dated August 3, 2016, Magistrate Judge Scott recommended that this case be remanded for further consideration. Doc. 17. The Commissioner filed objections on August 17, 2016.

---

[1] This case was originally assigned to Judge Richard Arcara, who referred it to Magistrate Judge Scott for a Report and Recommendation, which was completed and filed on August 3, 2016. The case was referred to this Court by order dated November 8, 2016.

Doc. 19. For the reasons set forth below, the Court overrules the Commissioner's objections and adopts the R&R in its entirety.

## II.  Procedural History

The record reveals that in March 2012, plaintiff (d/o/b September 16, 1957) applied for DIB, alleging disability as of July 2004. After her application was denied, plaintiff requested a hearing, which was held before administrative law judge Donald McDougall ("the ALJ") on December 23, 2013. The ALJ issued an unfavorable decision on February 28, 2014. The Appeals Council granted review of that decision and this timely action followed.

## III. Report and Recommendation

The R&R noted that the main issue in this case is whether plaintiff had a disability onset date prior to September 30, 2005, her date last insured. The R&R found that, at step three of the sequential evaluation process, see 20 C.F.R. § 404.1520, the ALJ correctly found plaintiff did not suffer from a disability satisfying Listing 1.04(A) prior to September 30, 2005, her date last insured. See 20 C.F.R. Part 404, Subpart P, App'x 1, § 1.04(A).

However, the R&R found that the ALJ erred at step four in determining whether plaintiff could perform past relevant work. Specifically, the R&R found that vocational expert ("VE") testimony was unclear on the issue of plaintiff's ability to perform past relevant work as a teacher's aide, and that "[n]one of the dialogue with the VE helps the Court understand what functions, jobs, SVPs

[specific vocational preparation level], and timeframe the ALJ ultimately considered." See doc. 17 at 17-18.

The Commissioner objects to the R&R, arguing that the ALJ properly relied on the VE's testimony and that the ALJ was not required to obtain expert testimony in any event. Plaintiff has not objected to the R&R.

**IV.  Discussion**

When reviewing a magistrate judge's report and recommendation, a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made[,]" 28 U.S.C. § 636(b), and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[.]" Id. Where an objection does not raise new arguments but merely reiterates those raised on the original motion, the Court reviews an R&R for clear error. See, e.g., Jaroszynski v. Barnhart, 2004 WL 1812706, *2 (W.D.N.Y. Apr. 28, 2004).

The impairments that the ALJ found to be severe in this case were "injuries to the neck and arms sustained in an accident [which] occurred in 2004." T. 15. In support of her motion for judgment on the pleadings, plaintiff argued that the ALJ erroneously relied on VE testimony that plaintiff could perform past relevant work as a teacher's aide because the hypothetical posed to the ALJ included the limitation of "no more than frequent" use of her hands for fine manipulation, whereas the ALJ's actual

RFC finding stated the limitation of "less than frequent" use of her hands for fine manipulation. Doc. 10 at 22-23. Thus, plaintiff argued, the hypothetical posed to the VE did not accurately represent her RFC as found by the ALJ. In response, the Commissioner argued that the discrepancy between the hypothetical and the RFC finding "should be considered a typographical error." Doc. 15-1 at 12. In her objections, the Commissioner argues that plaintiff did not raise the issue of the VE's unclear testimony in her motion papers, and that the R&R therefore erred in recommending remand on the issue of the VE's testimony. The Court disagrees, and finds that plaintiff's arguments regarding the ALJ's improper reliance on inapplicable VE testimony sufficiently preserved the issue for review by this Court.

The Court agrees with the R&R that the VE testimony was unclear on the issue of whether plaintiff could perform her past relevant work as a teacher's aide. Moreover, the Court cannot find, on this record, that the ALJ committed a "typographical error" in his RFC as the Commissioner argues. As noted above, plaintiff's impairments stemmed from injuries to her neck and arms, injuries which could affect her ability to use her hands for fine manipulation. The VE's testimony, as the R&R noted, was confusing, see doc. 17 at 17-18, and it is therefore unclear whether the ALJ's reliance on the VE's testimony supported his ultimate finding that plaintiff could perform her past relevant work. See id. (citing Lugo v. Chater, 932 F. Supp. 497, 504 (S.D.N.Y. 1996) ("Proper use

of vocational testimony presupposes both an accurate assessment of the claimant's physical and vocational capabilities, and a consistent use of that profile by the vocational expert in determining which jobs the claimant may still perform."). Here, it is unclear whether the VE's testimony was based on an accurate assessment of plaintiff's limitations, given the discrepancy between the ALJ's RFC finding and the hypothetical posed to the VE.

The Commissioner also argues that the ALJ was not required to consult a VE in this case, and that the ALJ's determination should therefore be upheld. This argument does not address the fact that the ALJ *relied on* the VE's testimony in coming to his conclusion that plaintiff could perform her past relevant work. See T. 18. To credit the Commissioner's argument on this point would be to allow a post-hoc rationalization of the ALJ's decision, which the Court cannot do. See, e.g., <u>Marthe v. Colvin</u>, 2016 WL 3514126, *8 (W.D.N.Y. June 28, 2016) ("[T]his Court is not permitted to accept the Commissioner's post-hoc rationalizations for the ALJ's determination."). In any event, the Court notes that the ALJ's consultation of a VE was necessary in this case, where the RFC restricting plaintiff to light work included a variety of nonexertional limitations, including "no overhead reaching on the left," "walking . . . limited to 20 yards at a stretch," and "less than frequent use of hands for fine manipulation." T. 16; see <u>Bapp v. Bowen</u>, 802 F.2d 601, 605-06 (2d Cir. 1986) ("[W]here the claimant's work capacity is significantly diminished beyond that

caused by his exertional impairment the application of the grids is inappropriate."). For the foregoing reasons, the Court overrules the Commissioner's objections and adopts the R&R in its entirety.

## V.   Conclusion

For the reasons discussed in this Decision and Order as well as those set forth in the R&R, the Commissioner's motion for judgment on the pleadings (Doc. 15) is denied and plaintiff's motion (Doc. 9) is granted to the extent that this matter is reversed and remanded for further administrative proceedings. The Commissioner's objections (doc. 19) are overruled. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**


**S/Michael A. Telesca**
HON. MICHAEL A. TELESCA
United States District Judge

Dated:     November 16, 2016
           Rochester, New York.